THE CENTRAL TRUST CO., INC., TRUSTEE, APPELLEE, *v.* GUTHRIE, APPELLANT; MOORE ET AL., APPELLEES.

(No. 8916—Decided May 22, 1961.)

*Mr. William J. Rielly*, for plaintiff-appellee.

*Messrs. Taft, Stettinius & Hollister, Mr. David G. Gamble* and *Mr. Charles S. Mechem, Jr.*, for appellant.

*Messrs. Frost & Jacobs, Mr. R. O. Klausmeyer* and *Mr. Earl R. Huffman*, for defendant-appellees.

LONG, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Hamilton County, Ohio.

The case involves the interpretation of the will of Mary T. Hart, who died in 1924. Her will established a trust in a portion of her estate. The provision of the will in question is as follows:

"In case either my said nephew (M. Hart Benton) or niece (Ethel Benton Guthrie) should die *without leaving issue,* him or her surviving, then his or her share of said net income, and the share of principal on [or] corpus of said trust fund which otherwise would pass to his or her issue, *shall pass to and vest in the survivor of my said nephew or niece and the issue of said survivor,* as the case may be, such issue to take by way of representation." (Emphasis supplied.)

Ethel died in 1936, leaving as surviving issue, James V. Guthrie and Helen G. Moore, who was married to Wallace Kingsley Moore. Helen died in 1954, survived by her husband. M. Hart Benton died in 1959, without issue.

The sole question in the case is what is to become of the one-half interest which M. Hart Benton had at the time of his death. James Guthrie claims that inasmuch as his sister, Helen, was deceased at the time of the death of her uncle, M. Hart Benton, he is entitled to the entire one-half interest of the uncle. Wallace K. Moore, surviving husband of Helen, claims that the one-half interest of uncle Hart is payable to his wife's estate.

The claim is made that Helen's interest in her uncle's estate is dependent upon her surviving her uncle. Whether her interest is vested or contingent depends upon the intention of the testatrix. 33 American Jurisprudence, 557, Section 100. In our opinion, it is not necessary to determine this. As we read the language in dispute, it says, in effect, that M. Hart Benton is to receive the income from the trust for life, and, upon his death, the property is to be distributed to his issue, if any, who survive him. If he has no issue, then his interest goes to Ethel, the mother of James and Helen. Uncle M. Hart Benton is deceased; Ethel is deceased.

It is our opinion that at the time of the death of the testatrix, the life estates of M. Hart Benton and Ethel Benton Guthrie came into being; that the children of Ethel had a right of

expectancy in the one-half interest of their uncle Hart; and that, in the event of the death of their mother, that right could only be defeated in the event that uncle M. Hart Benton have issue.

There is no language in the will which suggests that James and Helen must survive M. Hart Benton before they can take his share. It is therefore concluded that uncle M. Hart Benton's share be paid, one-half to the nephew, James V. Guthrie, and the other one-half be paid to Wallace K. Moore, executor of the estate of Helen G. Moore, deceased. The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

O'CONNELL and HILDEBRANT, JJ., concur.